[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 5, 1997
In this file, the defendant is charged with violating General Statutes § 14-227a, § 14-215 (c) and § 14-236. As to the charge of § 14-215 (c), operating a motor vehicle during the period his operator's license was under suspension due to a violation of § 14-227a, the defendant moves for a suspension of prosecution pursuant to § 17a-695. The state opposes the motion, essentially because General Statutes § 14-215 (c) provides a penalty of imprisonment not more than one year, thirty consecutive days of which may not be suspended or reduced in any manner.
The court received and reviewed the examination report requested under § 17a-693 to determine if the defendant is alcohol dependent and eligible for treatment. That report concludes that the defendant is alcohol dependent, was alcohol CT Page 5002 dependent at the time of the offense and is in need of treatment.
Under General Statutes § 17a-696, the court may order suspension of prosecution and treatment for alcohol dependency if it finds that "(1) the accused person was an alcohol-dependent or drug-dependent person at the time of the crime; (2) the person presently needs and is likely to benefit from treatment for the dependency, and (3) suspension of prosecution will advance the interests of justice." In State v. Guckian, 226 Conn. 191, 202
(1993) the Supreme Court held that a violation of § 14-215
(c) is a crime for purposes of qualifying for the treatment program under this statute. Successful completion of the program results in a dismissal of the charges. General Statutes §17a-697.
While the court finds that the defendant was alcohol dependent at the time of the crime and that he needs and is likely to benefit from the treatment for the dependency, the court finds that suspension of prosecution will not advance the interests of justice. The court bases its finding on the purpose explicit in General Statutes § 14-215 (c) that a thirty consecutive day period of incarceration is mandatory and "may not be suspended or reduced in any manner." The defendant here has not been incarcerated for thirty consecutive days. In State v.Guckian, supra, the court noted that the post-conviction treatment program "does not permit the trial court to dispense with mandatory minimum sentences after conviction."226 Conn. at 196, note 6. With two charges of violating § 14-227a pending, the second of which arose with the charge of § 14-215 (c), against this defendant, the court does not see justice served by a suspension of prosecution.
The motion is denied.
DiPENTIMA, J.